## WILLIAM COOK *vs.* HENRY F. SHEARMAN.

In an action on a promissory note, in which a discharge in insolvency is pleaded, and no replication is ordered by the court, the plaintiff may prove a new promise without having alleged it.

A new promise to pay a debt, made after the commencement of proceedings in insolvency, is equally valid, whether made before or after the certificate of discharge.

In an action on a debt barred by a discharge in insolvency, statements in letters from the defendant to the plaintiff that he expects and hopes to pay the plaintiff all that is due to him; that he shall certainly do so as soon as possible; that he hopes to be so situated that he can send him the full amount of his bill with interest; and that he will see that the plaintiff is no loser by him; amount, in law, to a new promise to pay the debt, which cannot be controlled by testimony of the defendant as to his meaning.

In an action on a promissory note, duly stamped, which is barred by a discharge in insolvency, letters from the defendant may be put in evidence as containing new promises to pay the note, although they are unstamped.

CONTRACT on a promissory note duly stamped. Answer, a certificate of discharge in insolvency. No replication was filed.

At the trial in the superior court, before *Morton,* J., the plaintiff admitted the discharge, and, as evidence of a new promise, offered three letters, written to him by the defendant, two of which were dated after the beginning of the proceedings in insolvency but before the discharge, and one after the discharge. The defendant objected to the admission of any of these letters, on the ground that no new promise had been alleged by the plaintiff; and further, to the admission of the first two letters, on the ground that they were written before the discharge; but the judge admitted them all. The letters, omitting the addresses, signatures, and formal parts, were as follows:

"July 17, 1866. I am in receipt of yours of yesterday. I called twice at your store, while in New Bedford, to pay you something, as I said I would, on account, but I found the store fastened both times; once it was about noon, when I called, and the other time it was about six o'clock in the afternoon. I was very busy indeed the last few days that I was in New Bedford, or I should have tried again to see you. I cannot pay you anything now until next November, when, unless something unforeseen should happen, I expect to pay you all there is due you

with interest to the time of payment, and I will certainly see to it that you are no loser by me."

"November 23, 1866. Your note dated the 13th instant I have just received. I hope to be situated in a few weeks so that I can send you the full amount of your bill with interest."

"May 30, 1867. Your letter of yesterday has been received and contents noted. Early in July I hope to pay the amount due you, possibly sooner than that. I shall certainly do so as soon as possible. I regret it very much, but could not meet a draft from you on the 3d proximo." In an unsigned postscript to this letter the defendant added: "You have waited long and patiently for your money, and will not have much longer to wait therefor. I shall see to it that you are not the losers for your courtesy."

No evidence as to the defendant's ability was introduced. The plaintiff was allowed, against the defendant's objection, to testify "that the subject matter of the letters referred to the note declared on," and that at the dates of the letters, the defendant was in no way indebted to the plaintiff except on the note. The judge refused to admit "the evidence of the defendant as to the meaning of the expressions contained in the letters;" and no other evidence was offered by the defendant.

The plaintiff contended that the letters were evidence of a promise to pay the defendant's debt. The defendant contended that they were not; and further, that, if the letters contained any agreement, it was invalid for want of an internal revenue stamp upon them.

The judge ruled that it was for the court to determine what was the effect of the evidence introduced, and the proper conclusion to be deduced therefrom; and instructed the jury to return a verdict for the plaintiff, which was done; and the defendant alleged exceptions.

*H. F. Shearman, pro se.*

*W. H. Cobb,* for the plaintiff.

GRAY, J. 1. An action upon a debt barred by a certificate of discharge in bankruptcy or insolvency, and revived by a new

promise, counts upon the original debt. The new promise need not be alleged in the declaration; and, at common law, might have been replied or given in evidence in support of the promise declared on. *Way* v. *Sperry*, 6 Cush. 241. Under the practice act, no replication is required, unless by special order of the. court. Gen. Sts. *c.* 129, § 23. The plaintiff was therefore rightly permitted to prove a new promise, without having alleged it either in his declaration or by way of replication.

2. The certificate of discharge in insolvency takes effect, not from its date, but from the commencement of the proceedings in insolvency. Gen. Sts. *c.* 118, §§ 75, 76. A distinct and unequivocal promise to pay the debt, made by the debtor after the commencement of such proceedings, whether before or after obtaining his certificate of discharge, is equally binding. *Lerow* v. *Wilmarth*, 7 Allen, 463. All the letters offered in evidence were therefore rightly admitted.

3. The statements in those letters, that the defendant expects to pay the plaintiff all that is due to him, and hopes to be so situated as to send him the full amount of his bill, with interest, coupled with the assertions in the first and last of them that he will see to it that the plaintiff does not lose by him, amounted to a distinct and unequivocal promise, the legal construction and effect of which could not be controlled by his own testimony as to the meaning of the expressions contained in the letters. The plaintiff's testimony was rightly admitted for the purpose of showing that no other debt was due him from the defendant when the letters were written, and of identifying the claim in suit. The defendant offered no evidence on this point, and did not ask to have the question whether the letters referred to this claim submitted to the jury. There being no contradiction as to the facts, the question whether a new promise was proved was for the court, and was rightly decided in the plaintiff's favor. *Barnard* v. *Bartholomew*, 22 Pick. 291. *Woodbridge* v. *Allen*, 12 Met. 470.

4. The note on which the action was brought was duly stamped, as required by the internal revenue act of the United States. The letters did not modify that contract, and were not

intended to contain within themselves the terms of an agree-
ment between the parties, but were merely evidence to support
the action on the contract as originally made, and therefore
required no stamp. *Beeching* v. *Westbrook*, 8 M. & W. 411.
*Marshall* v. *Powell*, 9 Q. B. 779.       *Exceptions overruled.*