In re BURKA

(District Court, E. D. Missouri, E. D.　October 24, 1900.)

BANKRUPTCY—PROVABLE DEBTS—CLAIM ARISING AFTER FILING OF PETITION.

The rights of the creditors of a bankrupt in general relate to the date of the filing of the petition. A debt not then in existence, although arising before the adjudication, cannot be proved against his estate, nor is it released by his discharge; and the trustee takes title, under Bankr. Act, § 70, only to property or rights of property with which the bankrupt was so vested prior to the filing of the petition that he could transfer them.

In Bankruptcy. On petition to review allowance of claim

F. H. Sullivan, for trustee.

George Beck, for bankrupt's attorney.

ADAMS, District Judge. This case comes before the court on a petition for review of the action of the referee in allowing a claim contracted by a bankrupt after the filing of the petition for adjudication against him, and prior to the actual adjudication. The claim allowed by the referee was for legal services rendered by Alfred Bettman, an attorney at law, to the bankrupt, in matters unrelated to the bankruptcy proceedings. The question is whether such a claim, not in existence at the time the petition for adjudication was filed, is a provable demand, within the meaning of the bankruptcy act. Section 63 enacts that debts of the bankrupt may be proved and allowed against his estate, which are:

(1) "A fixed liability as evidenced by a judgment or an instrument in writing, absolutely owing, at the time of the filing of the petition against him; * * *" (2) "due as costs taxable against an involuntary bankrupt who was, at the time of the filing of the petition against him, plaintiff in a cause of action which would pass to the trustee and which the plaintiff declines to prosecute after notice"; (3) "founded upon a claim for taxable costs incurred, in good faith, by a creditor before the filing of the petition, in an action to recover a provable debt"; (4) "founded upon an open account or upon a contract express or implied; * * *" (5) "founded upon provable debts reduced to judgments after the filing of the petition. * * *"

It is observed that all these classes of provable debts, except the fourth, relate, by express terms of the statute, to such as were in existence at the time of the filing of the petition. The fact that the fourth subdivision contains no words of limitation is considered by claimant's counsel a warrant for his contention that his claim, which is founded on an open account, is provable, notwithstanding the fact that it was not in existence when the petition was filed. It is not apparent why this subdivision is inserted without words of limitation as to the time the claim should have accrued. Especially is this so when there seems to have been a studied effort to insert such words in relation to all the other provable claims. But I cannot construe this omission into a general provision for allowance of demands against the estate of a bankrupt, irrespective of the time when they accrued. If such construction be given to the statute, there would be no limitation even to such claims as existed at the date of the adjudication. The general language would

cover any claims that might accrue during the pendency of the proceedings, even up to the final discharge. In the absence of express provision to the contrary, I think that debts provable under the act must be such as existed at the date of the filing of the petition. That date is one to which many general provisions are referable. For instance, it is enacted in chapter 1, § 1, subd. 10, that the words "date of bankruptcy," "time of bankruptcy," "commencement of proceedings," or "bankruptcy," when used in the act with reference to time, "shall mean the date when the petition is filed." Moreover, the conclusion reached is in clear analogy with the general rule of procedure in courts charged with the administration of trust estates. According to my observation and experience, the rights of creditors of insolvent estates administered in equity generally relate to the time of the institution of the proceedings which ultimately result in the sequestration of the property which is to be administered.

It is argued by claimant's counsel that because the trustee is vested with the title not only to property which the bankrupt had at the time of the filing of the petition against him, but also to such property as he may have acquired after that, and prior to the date of adjudication, and because all such property goes into the fund for creditors, therefore all creditors having claims which originated at any time prior to the actual adjudication should participate in the fund; in other words, that, as the property which the bankrupt acquires after the filing of the petition enhances the fund for the benefit of creditors, all creditors whose rights accrued at any time before actual adjudication should participate in it. This is a plausible argument, and I presume it would be true that, if the property acquired by the bankrupt after the filing of the petition and before the adjudication did vest in the trustee, creditors whose rights accrued between those dates should share in the property of the bankrupt, like other creditors; but the argument, in my opinion, is based on false premises. Section 70 of the bankruptcy act, which is relied on by claimant's counsel in support of the argument, contains the following provisions:

"The trustee of the estate of a bankrupt upon his appointment and qualification * * * shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * to all * * * (5) property which prior to the filing of the petition, he could, by any means, have transferred. * * *"

After a careful consideration of the provisions of this section, I am persuaded that there are two separate subjects treated of: First, the time at which the title to something vests in the trustee; second, the "something" or property the title of which is to vest in the trustee. Inasmuch as the trustee, by the provisions of the act, cannot be chosen or qualified until some time after the date of the filing of the petition, and in fact until some time after the date of adjudication, it is appropriate and fit that some time should be fixed, to which his title to whatever he gets should relate; and such, in my opinion, is the subject-matter of the first part of the section in question. Properly interpreted, the trustee is by operation of law vested with the title as of the date the bankrupt was adjudged to

be a bankrupt. The further provisions of the section, already quoted, undertake to point out the property of which by operation of law he is to become the owner, namely, all property which prior to the filing of the petition the bankrupt could have transferred. In other words, the property which the trustee acquires must have been property or rights which so existed prior to the filing of the petition that the bankrupt might have transferred them. This clearly means the property or rights of property which existed at that time. Such being the true interpretation of section 70, it affords no ground for the argument made by the claimant's counsel. Inasmuch as no property which the bankrupt may have acquired after the filing of the petition and before the date of adjudication is taken by the trustee, there is no ground for the argument that the claimant, holding a claim accrued since the filing of the petition, and before adjudication, should participate in the assets. His claim is neither provable, nor is the bankrupt discharged by the final judgment of the court from the obligation to pay such a claim.

The supreme court of the United States, by section 30 of the act, is authorized and empowered to prescribe all necessary rules, forms, and orders as to procedure, and for carrying the bankruptcy act into force and effect. In pursuance of the power conferred upon it, the supreme court adopted form No. 59 (32 C. C. A. lxxxii., 89 Fed. lviii.), which, after preliminary recitations, reads as follows:

"It is therefore ordered by this court that said —— [namely, the bankrupt] be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the —— day of —— A. D. 189–, on which day the petition for adjudication was filed against him."

This form prescribed by the supreme court indicates the view which that court takes of the provisions of the act in relation to the discharge of a bankrupt from his debts, and according to it the bankrupt is discharged only from such debts as existed on the day the petition for adjudication was filed against him. It follows that, inasmuch as the bankrupt is not discharged from the debts which are created after the filing of the petition against him, such debts cannot be provable against his estate. In my opinion, the referee reached an erroneous conclusion in this case, and the order will be to disallow or expunge the claim in question.