EDWARD C. RICE AND MARTHA RICE, Executors,

*vs.*

MICHAEL MURPHY et als.

Somerset.   Opinion April 1, 1912.

*Bankruptcy.   Discharge.   Poor Debtor's Bond.   Revised Statutes, chapter 114, sections 49, 65.*

The defendant Murphy having been arrested on execution, obtained his release by giving a six month's bond signed by himself as principal and by the other defendants as sureties, conditioned as provided in Revised Statutes, chapter 114, section 49, to wit, that he would "within six months thereafter, cite the creditor before two justices of the peace; submit himself to examination, and take the oath prescribed in section fifty-five; pay the debt, interest, costs and fees, arising in said execution; or deliver himself into the custody of the keeper of the jail to which he is liable to be committed under said execution." A few days before the six months expired the defendant Murphy filed his petition in bankruptcy and was discharged six weeks after the bond had run out. None of the conditions of the bond were performed.

*Held:* 1. That at the expiration of the six months named in the bond, neither of the alternative conditions of the bond having been performed, the liability of the sureties became fixed, and a right of action upon the bond then accrued to the plaintiffs.

2. That Murphy's discharge in bankruptcy granted after the breach of the conditions of the bond was not a bar to an action on the bond.

*Fogg Company* v. *Bartlett,* 106 Maine, 122, distinguished.

On report. Judgment for plaintiffs.

Action of debt on a poor debtor's six months bond. An agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

*Mark J. Bartlett,* for plaintiffs.

*P. A. Smith,* for defendants.

SITTING: WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

KING, J. Action of debt on a poor debtor's six months bond. The case is reported on an agreed statement of facts. The defendant Murphy, having been arrested on execution, obtained his release by giving the bond in suit, dated October 12, 1909, signed by himself as principal and by the other defendants as sureties. The bond was conditioned, as provided in R. S., c. 114, sec. 49, that within six months thereafter Murphy would either (1) cite the execution creditors and submit himself to an examination and take the poor debtors oath as provided by the statute, or (2) pay the debt, interest, costs and fees arising in said execution, or (3) deliver himself into the custody of the keeper of the jail to which he was liable to be committed under said execution.

April 2, 1910, a few days before the six months mentioned in the bond expired, Murphy filed his petition in bankruptcy and was adjudged a bankrupt. Thereafter, on May 27, 1910, six weeks after the bond had run out, a discharge in bankruptcy was granted to him. None of the conditions of the bond were performed. This action was commenced December 13, 1910. The only question presented in the report is, whether the action is barred by the bankruptcy proceedings and the discharge granted thereunder.

Sec. 65, c. 114, R. S., provides: "If the debtor fails to fulfil the condition of such bond, judgment in a suit thereon shall be rendered for the amount of the execution, costs and fees of service, with interest thereon, against all the obligors; and a special judgment against the principal, for a sum equal to the interest on said amount, at the rate of twenty per cent a year, after breach of the bond."

At the expiration of the six months named in the bond, neither of the alternative conditions of the bond having been performed, the liability of the sureties became fixed. It was no longer contingent, but had become, by reason of the breach of the bond, absolute and definite under the terms of the statute. A right of action upon the bond had then accrued to the plaintiffs. The then pending voluntary bankruptcy proceedings by the principal defendant was not a defence to such right of action, because, (1) those bankruptcy proceedings might be dismissed, or if prosecuted no discharge might be granted thereunder, and (2) the liability under the bond, which in this case became fixed by a breach thereof within the six months and before the discharge was granted, was wholly contingent at the time the petition in bankruptcy was filed and therefore was not a provable liability in the bankruptcy proceedings.

"Where a liability of the bankrupt is not fixed so that it can be liquidated by legal proceedings instituted at the time of bankruptcy, it is not a debt. It is deemed so far contingent that it cannot be proved in bankruptcy, nor is it released by the bankrupt's discharge." Loveland on Bankruptcy (3d Ed.) § 112, and cases cited.

*Fogg Company* v. *Bartlett,* 106 Maine, 122, cited by defendants, is clearly distinguishable from the case at bar. There the principal defendant was discharged in bankruptcy, and thereby released from the execution debt, before the time elapsed within which the conditions of the bond could have been fulfilled, and the court held in substance that the discharge so granted should be regarded as superseding the necessity of a literal fulfillment of the conditions of the bond, and that in legal effect there was no breach of the bond.

The court is therefore of opinion that Murphy's discharge in bankruptcy, granted after the breach of the conditions of the bond, is not a bar to this action on the bond, and in accordance with the stipulation of the parties the case is to stand for trial.

*So ordered.*