In re SEAL.

(District Court, E. D. New York.  November 17, 1919.)

BANKRUPTCY ⟨key⟩11, 51, 143(9)—EQUITY POWERS OF COURT; FAILURE TO SCHED-
ULE INTEREST OF BENEFICIARY UNDER WILL OF PERSON STILL LIVING.

Where the bankrupt's aged mother executed a will September 14, 1917,
leaving him practically her entire estate, and he filed a petition in bank-
ruptcy before her death October 7, 1919, his contingent interest under the
will was not an asset of his estate, for the mother might at any time
have changed her will; and hence, while a bankruptcy court possesses
equity powers to prevent the perpetration of fraud, his adjudication will
not be set aside because the bankrupt did not schedule as an asset his
contingent interest in his mother's estate.

In Bankruptcy.  In the matter of Harry E. Seal, bankrupt.  On ap-
plication for order vacating order of adjudication, and for a stay of
proceedings.  Application denied.

Adolph Ruger, of Brooklyn, N. Y., for Emily R. Pierce.
Louis J. Somerville, of New York City, for bankrupt.

GARVIN, District Judge.  This is an application for an order va-
cating the order of adjudication herein and for a stay of proceedings,
including the payment of moneys by a third party belonging to the
bankrupt.  The application is based upon alleged fraud practiced by the
bankrupt in obtaining the adjudication.

It is claimed that he borrowed various sums of money upon the
representation that he was the sole heir and next of kin of his mother,
who was advanced in years, and upon whose death he would repay
the sums so obtained.  On September 14, 1917, the bankrupt's mother
made a will, in which, it is claimed, she left him practically her en-
tire estate.  On October 7, 1919, she died, and it is alleged that the
bankrupt came into considerable property under her will.  The bank-
rupt denies having made statements at any time that he would be his
mother's sole heir, and there à sharp issue of fact is raised.

The applicant, a creditor of the bankrupt, seeks to invoke the equity
powers which a court of bankruptcy undoubtedly possesses to prevent
a perpetration of fraud.  That this court, sitting in bankruptcy, possess-
es equity powers to prevent the perpetration of fraud is well recogniz-
ed; but these powers are by no means without limit.  The bankrupt
had a right to file the petition in bankruptcy.  He did not schedule un-
der his assets any interest in his mother's estate.  The applicant claims
that, because he had been designated as sole (or practically sole) dev-
isee or legatee, this interest should have been scheduled as an asset.

With this contention I am unable to agree.  He had no vested right.
His mother could at any time have changed her will, and I am unable
to reach any other conclusion than that the property belonging to her
estate comes within that class which is acquired by a bankrupt after
his adjudication, and over which the court has no jurisdiction.

It follows that the motion be denied.  Order signed.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes