O. E. DE WALT, Respondent, v. ALBERT HEEREN, Appellant.

(197 N. W. 868.)

**Bankruptcy — discharge ends legal obligation to pay debt; discharge may be waived by bankrupt; moral obligation to pay debt after discharge supports new promise; plaintiff should declare on original debt where new promise is relied on; new promise of bankrupt may be alleged as defense to plea and proof of discharge.**

1. In a suit upon a claim against a defendant who has been discharged in bankruptcy, it is *held*,

(a) The effect of a discharge in bankruptcy is to suspend the right of action for the debt against the debtor personally; the discharge does not annul the original debt or liability; the remedy upon the debt and the legal, but not the moral, obligation to pay the same is at an end.

(b). The discharge, being personal to the bankrupt, may be waived by him; it does not destroy the debt, but merely releases the bankrupt from liability by removing the legal obligation to pay the debt, leaving the moral obligation to pay intact; such moral obligation is a sufficient consideration to support a new promise to pay.

(c) Where it is claimed that a new promise to pay has been made, the plaintiff should declare on the original promise or debt, the new promise being a defense to a plea of discharge.

Note.—(1) Moral obligation as a consideration for a promise, see note in 53 L.R.A. 362; 3 R. C. L. 324; 1 R. C. L. Supp. 809; 5 R. C. L. Supp. 169.

(4) Discretion of trial court as to granting or refusing of continuance, see 6 R. C. L. 544; 2 R. C. L. Supp. 153; 4 R. C. L. Supp. 425; 5 R. C. L. Supp. 354.

(d) It is not necessary for the plaintiff to allege the new promise, but he may, at the trial, prove such promise as a defense to the plea and proof of discharge in bankruptcy.

**Pleading — objection to improper joinder of causes waived, unless taken by demurrer or answer.**

2. The objection that two, or more, causes of action are improperly united in the same complaint must be taken by demurrer or by answer, and if not so taken, is deemed waived.

**Depositions — suppression of foreign deposition taken by officer not having seal held not erroneous.**

3. When a deposition is taken in a foreign state before an officer therein who does not have a seal and the same is not authenticated as provided in § 7902, Comp. Laws, 1913, it is not error to suppress such deposition upon objection properly and timely made.

**Continuance — ruling on motion for continuance after suppression of deposition discretionary, not reviewable unless discretion abused.**

4. The granting or refusing of a continuance after a deposition has been suppressed, rests largely in the discretion of the trial court. For reasons stated in the opinion, it is *held*, that it was not an abuse of discretion to deny a motion for a continuance.

**Bankruptcy — evidence held to support verdict for plaintiff in action against bankrupt on new promise.**

5. For reasons stated in the opinion, it is *held*, that the testimony, tending to show that a new promise to pay the debt was made by the defendant, after the bankruptcy proceedings, is sufficient to justify the peremptory instruction, to the jury and to support the verdict returned pursuant thereto, no evidence having been introduced by the defendant.

Opinion filed February 5, 1924. Rehearing denied March 20, 1924.

Bankruptcy, 7 C. J. § 704 p. 395 n. 74; § 732 pp. 412 n. 27, 413 n. 38; § 733 p. 415 n. 58; § 737 p. 416n. 85. Continuances, 13 C. J. § 88 p. 165 n. 42. Depositions, 18 C. J. § 283 p. 714 n. 14. Pleading, 31 Cyc. p. 773 n. 57.

Action on a contract to recover for the use of a team of horses.

Appeal from the District Court of Foster County, North Dakota, *Coffey,* J.

Affirmed.

*W. E. Hoopes,* for appellant.

"Although the moral obligation to pay the discharged debt is a sufficient consideration for the promise to pay, the cause of action

rests on the new promise, and not upon the old debt." Mattheson v. Needham (Kan.) 26 L.R.A.(N.S.) 274.

"The groundwork of this doctrine is that the plaintiff cannot recover on a cause of action which does not exist when he sues. He must dismiss his action and plead anew." Swedish Am. Nat. Bank v. Dickinson Co. 6 N. D. 222.

"The jurisdiction of the circuit court on appeals is appellate only. The appeal transfers to the circuit court the same cause that was before the Justice, and an amendment cannot be allowed in the circuit that states a different cause of action from that stated in justice court." Loranger v. Davidson (Mich.) 69 N. W. 426.

"The promise to restore a debt from which the debtor has been discharged, whether by proceedings in bankruptcy or otherwise, must be a clear, distinct and unequivocal promise to pay the specific debt, not the expression of a mere promise to pay; it must be without qualification or condition, and must contain the essentials of a valid express agreement, except only the elements of a valid consideration; the moral obligation, taken with the fact of a pre-existing liability, will furnish the consideration. In an action upon such a claim the declaration must therefore be upon the *new promise and not the original* as the letter is extinguished by the discharge." Mecch v. Lamon, 53 Am. Rep. 540, 544, note.

*C. B. Craven,* for respondent.

The greater weight of authority seems to be that the better reason as well as the preponderance of authority is with the decisions which leave to the election of the creditor which course he will pursue, it being equally competent for him to sue directly on the new promise, or to declare on the original debt and then plead the new promise in replication of defendant's plea of his discharge in bankruptcy. 2 Black, Bankr. 3d ed. § 766, p. 1491 and cases cited under notes 94, 95 and 96. 7 C. J. 413, cases cited under notes 38–40.

"*The practice of bringing the action upon the original debt is, however, sanctioned by usage.* The discharge in bankruptcy is, under such practice, regarded as a discharge to the debt sub modo only, and the new promise as a waiver of the bar to the recovery of the debt created by the discharge. The new promise with such other facts as are essential to constitute a valid cause of action, may, however, be

alleged." Herrington v. Davit, 220 N. Y. 162, 1 A.L.R. 1700, 115 N. E. 476.

Where a continued effort on the part of a creditor of a discharged bankrupt to enforce the latter's promise to pay the barred debt and to get the bankrupt to keep his promise, it is sufficiently shown that the creditor's promise has been accepted. 2 Black, Bankr. 3d ed. § 761, p. 1485.

JOHNSON, J. This is an appeal from the district court of Foster county. The facts are as follows: In the fall of 1921, the defendant hired a team of horses from the plaintiff, using the same for twelve days at the agreed compensation of $2 per day. The defendant paid $5 on this account. Thereafter and on or about September 15, 1922, the defendant was adjudicated a bankrupt in the United States district court for the district of North Dakota and was discharged in bankruptcy prior to the trial of the action.

The action was commenced in justice court by summons issued therein in the ordinary form. The cause of action described in the summons is for the hire of the team in the fall of 1921; to this cause, as thus pleaded in the summons, the defendant answered, alleging the bankruptcy proceedings and a discharge from the obligation to pay the debt. The plaintiff replied in justice court, alleging a new promise to pay. The defendant made no motion to strike the reply, nor did he in any manner object thereto. In the justice court, judgment was entered in favor of the plaintiff in the sum of $19, and costs. The defendant appealed to the district court and the case came to trial on March 5, 1923. A judgment was entered for the plaintiff in the sum of $19 and costs. The defendant appeals.

Before the trial began in the district court, the defendant made a motion to strike the reply that had been interposed in the justice court. This motion was granted. Thereafter and on the 9th of February, 1923, a new complaint was served on the defendant and the action was tried upon this complaint. The plaintiff alleged therein the agreement of hire in the fall of 1921, the discharge in bankruptcy and the new promise to pay the indebtedness after such discharge.

The defendant's attorney took the deposition of the defendant in the state of Iowa. Notice of the taking thereof was properly served and

the testimony was taken before a person who attaches to his signature the designation, "Justice of the peace in and for Holman township, Osceola county, Iowa." No seal is attached or affixed to the certificate or the deposition. Objection to the deposition on the ground that it was not authenticated as required by statute, was made and filed in writing by counsel for the plaintiff and at the time of the trial the objection was sustained and the deposition suppressed. A motion for a continuance of the case to enable the defendant to take the deposition anew was denied.

The defendant and appellant assigns numerous errors, which may be grouped under the following heads: First, that the trial court erred in permitting the complaint to be filed, setting up, as the appellant contends, two causes of action, one upon the original claim, which was discharged in bankruptcy, and the other upon the new promise made subsequent to the discharge. Second, that the court erred in granting the motion of the plaintiff to suppress the deposition of the defendant upon the ground that it was not properly authenticated; and third, that the court erred in denying defendant's motion for a continuance so as to enable him to take the deposition of defendant anew.

The defendant contends that the plaintiff was permitted to insert by amendment a new cause of action; that the complaint really alleges two causes of action, one upon the original claim, the other upon the promise subsequent to the discharge in bankruptcy. The objection raises the question, what is the cause of action?

Upon the question of whether the action should be brought on the new promise or on the original claim, or whether it may be brought on either, the authorities are not in harmony. In 2 Bates, New Pl. Pr. Parties & Forms, 1923 p. 1069, it is said that the "weight of authority allows the action to be brought on the original claim, either by considering the discharge as a suspension of the remedy, or in one or two cases by considering the new promise as a revivor of the original claim. In these cases, a reply of new promise is not a departure." The same author continues: "Other courts, regarding the discharge as a cancellation of the debt and hence not like a bar by limitation, confine the right of action to the new promise." It appears further from this author that in a few jurisdictions the action may be brought

either on the original claim or on the new promise, at the option of the plaintiff.

If we have in mind the legal effect of a discharge in bankruptcy, the objection we are considering loses all its force.

"The only effect of a discharge is to suspend the right of action for a debt against the debtor personally. It does not annul the original debt or liability of the debtor. The remedy upon the debt, and the legal, but not the moral, obligation to pay is at an end. The obligation itself is not cancelled.

"Since the discharge is personal to the bankrupt, he may waive it and, since it does not destroy the debt but merely releases him from liability, that is, removes the legal obligation to pay the debt, leaving the moral obligation unaffected, such moral obligation is a sufficient consideration to support a new promise and, if the debtor makes such promise, it may be made the foundation of a suit. The plaintiff should declare on the original promise, or debt, the new promise being a defense to a plea of discharge; otherwise there would be no consideration to support the new promise, if the original debt was destroyed by the discharge." Brandenburg, Bank. 4th ed. § 1538.

"A discharge goes to the remedy; it does not cancel the debt. It destroys the remedy on all debts except those falling within the terms of this section." 1 Collier, Bankr. 13th ed. p. 596.

Such being the effect of a discharge, is there any logical reason why the plaintiff may not plead and rely on the original claim? We think not. The defendant may or may not assert the defense of discharge in bankruptcy; he may recognize the force of the moral obligation to pay and elect not to set up the discharge in bar. If he sets up such defense in his answer, the issue is framed. The defense of discharge in bankruptcy is in the nature of a plea of confession and avoidance. Under our theory of code pleading, all matters of defense set up in the answer are deemed controverted without a reply, except allegations of new matter constituting a counterclaim. Comp. Laws, 1913, §§ 7467–7477. When the answer contains new matter by way of avoidance, the court may require a reply to such new matter, but none is necessary unless ordered or required by the court. It seems that the plaintiff may offer any evidence which tends to defeat the affirmative defenses relied on by the defendant to defeat plaintiff's

cause of action. Moores v. Tomlinson, 33 N. D. 638, 157 N. W. 685. The plaintiff, therefore, would have the right to offer evidence contradicting the testimony offered to show a discharge in bankruptcy; likewise, there is no legal or logical reason why the plaintiff should not have the right to prove that the defendant made a new promise subsequent to such discharge, waiving the benefits thereof, thereby, in effect, estopping himself from asserting the discharge as a defense to the claim. It may be that the better practice would be for the defendant to apply to the court for an order requiring the plaintiff to reply to the plea of discharge. In that manner the issue would be squarely framed and the plaintiff could be required either to deny the allegation of discharge generally, or to set up in avoidance of the effect thereof the making of a new promise to pay the debt. There being no requirement of a reply, it is difficult to see on what logical ground it can be asserted that the plaintiff may not offer any competent evidence to negative or defeat any matters of defense to his claim that may be offered by the defendant. See Moores v. Tomlinson, supra. In Cook v. Shearman, 103 Mass. 21, the Supreme Judicial Court of Massachusetts had this identical question under consideration. The court say: "The new promise need not be alleged in the declaration; and, at common law, might have been replied or given in evidence in support of the promise declared on. Under the practice act, no replication is required, unless by special order of the court. The plaintiff was therefore rightly permitted to prove a new promise, without having alleged it either in a declaration or by way of replication." We think this is the correct and logical rule under our system of pleading. There was therefore no prejudicial error committed when the trial court permitted plaintiff to file a complaint containing an allegation of a new promise to pay subsequent to the discharge in bankruptcy. Under the facts, the plaintiff had the legal right to prove the new promise without alleging the same in the complaint. This likewise disposes of the contention that two causes were improperly united in the complaint.

There is another reason why the defendant cannot maintain the objection that the complaint improperly unites two, or more, causes of action in violation of § 7455, Comp. Laws, 1913. This objection was not raised by demurrer upon that ground, as contemplated by §

7442, subd. 5, Comp. Laws, 1913, nor was it raised by answer, or otherwise than by motion to strike the allegation of new promise from the complaint and motion to exclude evidence at the trial. Section 7447, Comp. Laws, 1913 provides that if the objection be not taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection that the complaint does not state facts sufficient to constitute a cause of action, or that the court does not have jurisdiction. The defendant, therefore, did not at any time properly raise the objection of misjoinder of causes of action and must be deemed to have waived the same.

It seems clear that the deposition was not authenticated as required by § 7902, Comp. Laws, 1913 and was therefore properly suppressed. That section provides that if the officer before whom the deposition is taken in the foreign state has no official seal, the deposition shall be authenticated either by parol proof in court, or the official certificate and seal of any secretary or other officer of the state keeping the great seal thereof, or of a clerk or prothonotary of any court having a seal, attesting that such justice or other officer was, at the time when the deposition was taken, authorized to take the same. The statute is mandatory in this regard.

The granting or refusing of a continuance is largely in the discretion of the trial court. This case involved the paltry sum of $19; the defendant had left the state; it was his own testimony that was taken by deposition. The deposition was taken on the 17th day of February, 1923, and written objections thereto filed and brought to the attention of the court and sustained before the trial commenced. It would seem that counsel for defendant had opportunity, before the trial on March 5, 1923, to examine the deposition and to satisfy himself that it was in proper form and had been taken in conformity with the statutes. The record shows that he stated to the court that he did not examine the deposition before the trial because he assumed that the deposition was properly authenticated and correctly taken in all particulars. We are not aware of any presumption in favor of the correctness of procedure in taking depositions in another state. We are not disposed to disturb the ruling of the trial court in this regard.

It is contended by the defendant that there is no evidence of a new promise sufficient to support a judgment and that the court erred in

directing a verdict upon the testimony of the plaintiff. .The testi-mony is as follows: "I asked him for the money. He said '*I don't expect to beat you out of this bill. I am going to make it and pay you*' and he expected to sell these chickens to some farmers and he said he would come over, when I was working for Overs, on the fol-lowing Saturday—it was two miles south—or meet me in town *and make payment.*" We think that this is clearly sufficient to support the verdict and to justify the peremptory instruction of the trial court. Expressions like "I will pay;" or "I will settle;" or "I will see that you are no loser by me;" or "I am able and willing to pay," etc., have been held sufficient. Cook v. Sherman, 103 Mass. 21; Stillwell v. Coope, 4 Denio, 225; Evans v. Carey, 29 Ala. 99; See Holden v. Chamberlain, 46 N. D. 353, 179 N. W. 706; Northern Commercial Co. v. Goldman, 37 N. D. 542, 164 N. W. 133. It is true that a debt that has been discharged in bankruptcy is not revived by a bare acknowledgment of its existence, but there must be an express state-ment of an intention to pay. We are satisfied that, under the circum-stances, the foregoing testimony of the plaintiff clearly shows that the defendant expressed an unequivocal and unconditional intention to pay the claim.

The judgment of the trial court is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.