J. R. HAMILTON, Appellant, v. FIRST STATE BANK OF GARRISON, NORTH DAKOTA, a Corporation, Respondent.

(220 N. W. 644.)

Opinion filed July 28, 1928.

*Williams & Lindell,* for appellant.
*R. L. Fraser,* for respondent.

NUESSLE, Ch. J.   This appeal is from an order sustaining a demurrer to the plaintiff's complaint.

The allegations of the complaint may be summarized as follows: The plaintiff was adjudicated a voluntary bankrupt in January, 1926, and given his final discharge on May 4th, 1926.  The defendant was a secured creditor, having chattel security.  The debt was for goods sold and delivered to the plaintiff.  The defendant proved no claim, either for the original debt, for the deficiency after foreclosure, or for the judgment entered therefor.  Subsequent to the filing of the petition, defendant, who had notice of the bankruptcy proceedings and whose claim was scheduled by the plaintiff, began an action to foreclose his mortgage and the chattel security was seized under a warrant.  De-

fendant asked for a deficiency judgment. The foreclosure action was permitted to proceed, the debtor offering no defense. Judgment was entered for the creditor, the security was sold and a deficiency judgment taken against the debtor, this plaintiff, on April 17th, 1926. Thus the deficiency judgment was entered by default prior to the plaintiff's discharge in bankruptcy. No notice of entry of judgment was served upon him. In September, 1927, the defendant procured the issuance of an execution on the deficiency judgment. Thereupon plaintiff began this action seeking to have the judgment set aside and the execution perpetually enjoined, basing his application for this relief upon his discharge in bankruptcy. Plaintiff, in his complaint, set out the facts above stated. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The district court sustained the demurrer.

It seems clear to us that the court erred in thus sustaining the demurrer. The defendant's claim was a provable claim in bankruptcy. It was scheduled by the bankrupt. Defendant had notice of the proceedings. He began his action to foreclose his mortgage after the adjudication. He procured his deficiency judgment prior to the discharge. This judgment was not an original or new claim—it was simply the old claim in a new form. As such the discharge barred it. Leonard v. Yohnk, 68 Wis. 587, 60 Am. Rep. 884, 32 N. W. 702; Cavanaugh v. Fenley, 94 Minn. 505, 110 Am. St. Rep. 382, 103 N. W. 711; Boynton v. Ball, 121 U. S. 457, 30 L. ed. 985, 7 Sup. Ct. Rep. 981. The plaintiff might have procured a stay of proceedings until after his discharge had he seen fit to do so. Bankruptcy Act, § 11, U. S. C. title 11, § 29. But he did not. The fact that he did not see fit to act during the pendency of the bankruptcy proceedings and procure a stay against the judgment creditor, cannot operate against him. The statute is for his benefit, so he may waive it. See Boynton v. Ball, supra; Craig v. Cameron, 27 Ga. App. 455, 108 S. E. 828. And there might have been some advantage in having the claim liquidated. In fact the statute as it now stands contemplates that a judgment may be taken on a provable claim prior to the final discharge. See Bankruptcy Act, § 63a, 5, U. S. C. title 11, § 103a, 5; Re McBryde (D. C.) 99 Fed. 686, 3 Am. Bankr. Rep. 729.

Contention is made that the plaintiff's remedy, if any he has, must

be obtained under the provisions of § 7710, Comp. Laws 1913, providing that a person discharged in bankruptcy may make application to the judge of any court of record in which a judgment shall have been rendered against him, for a discharge of such judgment from record. This section simply provides a means whereby a judgment barred by a discharge in bankruptcy may be cleared from the record so it will not appear as a cloud against any title of the bankrupt subsequently acquired. John Leslie Paper Co. v. Wheeler, 23 N. D. 477, 42 L.R.A.(N.S.) 292, 137 N. W. 412. It does not provide an exclusive remedy and we know of no reason why, notwithstanding this provision, the bankrupt may not apply for a perpetual stay against the enforcement of a judgment barred by his discharge.

Some claim is made by the defendant in the instant case that the plaintiff lost his right to relief as against the judgment by reason of his delay in asking for this stay. We do not think there is any merit to this contention. In any event, no facts appear upon the face of the record which indicate that there was any laches on his part.

The order of the district court sustaining the demurrer was erroneous and must be reversed.

CHRISTIANSON, BURKE, BURR, and BIRDZELL, JJ., concur.