S. P. ELLIS, Doing Business under the Firm Name and Style of Reidman-Ellis Company, Appellant, v. WILLIAM FISKE and Ida C. Fiske, and E. N. JOHNSON, Administrator of the Estate of William Fiske, Deceased, Respondent.

(71 A.L.R. 501, 232 N. W. 891.)

Opinion filed October 21, 1930. Rehearing denied November 20, 1930.

*John O. Hanchett,* for appellant.

*A. F. Greffenius,* for respondent.

NUESSLE, J.   This appeal is from an order granting an application for the discharge from record of a judgment pursuant to the provisions of § 7710, Comp. Laws 1913, on the ground that the judgment debtor had been discharged in bankruptcy.

In 1923, the appellant suing on certain promissory notes executed by William Fiske, recovered a judgment against him.   This judgment was docketed in Barnes county on November 13, 1923.   On June 11, 1926, Fiske filed a voluntary petition in bankruptcy in the United States district court for the district of North Dakota and was adjudicated a bankrupt.   His entire assets were set aside to him as exempt property.   No trustee was appointed.   Appellant's judgment was listed in Fiske's schedule of liabilities and notice was given to him but no proof of claim was made.   On August 30, 1926, Fiske acquired certain real property situated in Barnes county by inheritance.   On November 29, 1926, Fiske received his discharge in bankruptcy.   He died on May 12, 1928.   At the time of his death he owned the real property that he had acquired by inheritance subsequent to the time of his adjudication.   The respondent Johnson was appointed administrator of Fiske's estate and, as such, made the instant application for a discharge from the record of appellant's judgment pursuant to the provisions of § 7710, Comp. Laws 1913.

The facts are undisputed.   It is conceded that the appellant's judgment was a debt provable in bankruptcy (U. S. Bankruptcy Act, 1898, §§ 17 and 63, U. S. Comp. Stat. §§ 9601 and 9647, U. S. C. title 11, §§ 35 and 103); that it was listed in the bankrupt's schedule; and that in so far as it was simply a debt the remedy therefor was annihilated by the final discharge received by Fiske on November 29, 1926.   John Leslie Paper Co. v. Wheeler, 23 N. D. 477, 42 L.R.A. (N.S.) 292, 137 N. W. 412, 32 Am. Bankr. Rep. 688; DeWalt v. Heeren, 50 N. D. 804, 197 N. W. 868; Hamilton v. First State Bank,

57 N. D. 143, 220 N. W. 644, 12 Am. Bankr. Rep. (N. S.) 393; Blake v. Alswager, 55 N. D. 776, 55 A.L.R. 298, 215 N. W. 549, 10 Am. Bankr. Rep. (N. S.) 672. Appellant contends, however, that such judgment had become a lien on the real property of Fiske acquired by inheritance prior to the entry of his discharge in bankruptcy and that such lien was not in any way affected by such discharge.

Section 7710, Comp. Laws 1913, under which the instant application was made, provides a means whereby a judgment barred by a discharge in bankruptcy may be cleared from the record so it will not appear as a cloud against any title of the bankrupt subsequently acquired. See John Leslie Paper Co. v. Wheeler, 23 N. D. 477, 42 L.R.A.(N.S.) 292, 137 N. W. 412, 32 Am. Bankr. Rep. 688, supra; Hamilton v. First State Bank, 57 N. D. 143, 220 N. W. 644, supra.

Thus the question here presented is as to whether a judgment against a bankrupt debtor docketed more than four months prior to the adjudication in bankruptcy attaches as a lien on nonexempt real estate acquired by inheritance, interim the adjudication and the final discharge. The trial court answered this question in the negative and granted the respondent's application. Thereupon this appeal was perfected.

We are agreed that the trial court was right in granting the application.

"The determination of the status of the honest and unfortunate debtor by his liberation from encumbrance on future exertion is matter of public concern." Hanover Nat. Bank v. Moyses, 186 U. S. 181, 46 L. ed. 1113, 22 S. Ct. 857. "It is the twofold purpose of the bankruptcy act to convert the estate of a bankrupt into cash and distribute it among the creditors, and then to give the bankrupt a fresh start with such exemptions and rights as the statute left untouched. In the light of this policy the act must be construed." Burlingham v. Crouse, 228 U. S. 459, 57 L. ed. 920, 46 L.R.A.(N.S.) 148, 33 Sup. Ct. 564. The bankruptcy act "necessarily contemplates: (1), that a voluntary petitioner will be discharged from the burden of his debts; and (2), that all the property owned by him at the time he filed his petition will be distributed among his creditors." Bank of Elberton v. Swift (C. C. A. 5th) 268 Fed. 305, 46 Am. Bankr. Rep. 75. Accordingly, it has been uniformly held that under the provisions of § 70 [U. S. C. title 11, §

110] of the act, property acquired by the bankrupt subsequent to the filing of his petition, although before the granting of his discharge, or even before the adjudication, is not appropriated to the payment of the bankrupt's debts excepting those not affected by the discharge or incurred subsequent to the commencement of the proceedings. Re Seal (D. C.) 261 Fed. 112, 44 Am. Bankr. Rep. 556; Re Burka (D. C.) 104 Fed. 326, 5 Am. Bankr. Rep. 12, 3 N. B. N. Rep. 668; Re Elmira Steele Co. (D. C.) 109 Fed. 456, 5 Am. Bankr. Rep. 487; Collier, Bankr. 2d ed. §§ 1132 et seq., and cases cited; note to § 110, U. S. C. title 11. Likewise, to effectuate the purposes of the act, a "bankrupt's discharge is from all provable debts and claims which existed on the day on which the petition for adjudication was filed. Zavelo v. Reeves, 227 U. S. 625, 57 L. ed. 676, 33 S. Ct. 365, Ann. Cas. 1914D, 664." Everett v. Judson, 228 U. S. 474, 57 L. ed. 927, 46 L.R.A.(N.S.) 154, 33 S. Ct. 568. And such is the wording of the form of discharge prescribed by the Supreme Court of the United States pursuant to § 30 (U. S. C. title 11, § 53) of the Act, authorizing and empowering the court to prescribe all necessary rules, forms and orders as to procedure, and for carrying the act into force and effect. See Form 59, 32 C. C. A. p. lxxxii, 89 Fed. p. lviii, 11 U. S. C. title p. 102, § 53. Consistent with the rule last above stated, no debts created subsequent to the filing of the petition, though before the discharge in bankruptcy, are affected thereby. Re Burka (D. C.) 104 Fed. 326, 5 Am. Bankr. Rep. 12, 3 N. B. N. Rep. 668, supra; Van Tuyl v. Schwab, 174 App. Div. 665, 161 N. Y. Supp. 323, affirmed in 220 N. Y. 661, 116 N. E. 1081; Rice v. Murphy, 109 Me. 101, 82 Atl. 842; Wight v. Gottschalk, — Tenn. —, 48 S. W. 140; Jersey City Ins. Co. v. Archer, 122 N. Y. 376, 25 N. E. 338; 7 C. J. 399.

We conclude then that the petitioner's judgment under which he claims a lien and which is the subject of the application in the instant proceeding, was discharged as of date June 11, 1926, by virtue of Fiske's discharge in bankruptcy on November 29, 1926. The discharge related back to the time of the filing of the petition. Rate v. American Smelting & Ref. Co. 56 Mont. 277, 184 Pac. 478, 44 Am. Bankr. Rep. 332; Schexnailder v. Fontenot, 147 La. 467, 85 So. 207, 45 Am. Bankr. Rep. 658; Bank of Elberton v. Swift (C. C. A. 5th) 268 Fed. 305, 46 Am. Bankr. Rep. 75, supra. In the interim, between the date

of the filing of the petition and the date of the discharge, the debt was, so to speak, in a state of suspended animation. "The bankruptcy law does not continue a dischargeable debt for the purpose of permitting a lien to be created after the adjudication, but only to preserve and enforce a lien in existence at the date of the adjudication." Collier, Bankr. 13th ed. p. 600; Re Harrington (D. C.) 200 Fed. 1010, 29 Am. Bankr. Rep. 666. Accordingly, it is clear to us that subsequent to June 11, 1926, no lien could have been acquired by virtue of the plaintiff's judgment on any property of which Fiske became the owner after that date.

The appellant, in the main, seeks to sustain his contention on the authority of the case of Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 58 L.R.A. 770, 88 N. W. 703, followed in F. Mayer Boot & Shoe Co. v. Ferguson, 19 N. D. 497, 126 N. W. 110. We think, however, that whatever may have been said in these cases the facts clearly distinguish them from the instant case. In the Powers Dry Goods Co. Case the property on which the lien was claimed by attachment for a purchase price debt issued subsequent to the adjudication and before the discharge, was property which had been set aside to the bankrupt as exempt. There the property was owned by the bankrupt on the date of the filing of his petition. It was then subject to attachment for the purchase price thereof. It was set aside as exempt to the bankrupt. Though there was no lien effective until the attachment was levied (Gray v. Arnot, 31 N. D. 461, 154 N. W. 268; Northern Shoe Co. v. Cecka, 22 N. D. 631, 135 N. W. 177), yet if the attachment had been levied prior to the filing of the petition though within the four months' period, the lien would have been good notwithstanding the provisions of § 67 of the Bankruptcy Act, providing that "levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of the petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt." Jewett Bros. v. Huffman, 14 N. D. 110, 103 N. W. 408; Burcell v. Goldstein, 23 N. D. 257, 136 N. W. 243; First International Bank v. Lee, 25 N. D. 197, 141 N. W.

716; Blake v. Alswager, 55 N. D. 776, 55 A.L.R. 298, 215 N. W. 549, 10 Am. Bankr. Rep. (N. S.) 672, supra; Swaney v. Hasara, 164 Minn. 416, 205 N. W. 274. But see also Lockwood v. Exchange Bank, 190 U. S. 294, 47 L. ed. 1061, 23 S. Ct. 751; Chicago, B. & Q. R. Co. v. Hall, 229 U. S. 511, 57 L. ed. 1306, 33 S. Ct. 885; Re Goldberg (D. C.) 254 Fed. 440; Schrepel v. Davis (C. C. A. 8th) 283 Fed. 29. Appellant also cites and relies upon the case of Thompson Yards v. Richardson, 51 N. D. 241, 199 N. W. 863, followed and approved in Union Nat. Bank v. Lenton, 54 N. D. 262, 209 N. W. 350, 8 Am. Bankr. Rep. (N. S.) 189, wherein we held that a crop mortgage executed by a bankrupt more than four months prior to the filing of his petition attached upon the crop planted and grown subsequent to the bankrupt's discharge. The basis for the holding in these cases, however, was that under our statutue a mortgage on crops not yet in existence is a mortgage in præsenti and as between the mortgagor and mortgagee is effective at once the same is executed even though the crop is not in existence. Thus all these cases are clearly distinguishable from the instant case both on the facts and on principle.

It is true that under the statute, § 7691, Comp. Laws, 1913, upon docketing, a judgment "shall be a lien on all the real property except the homestead in the county where the same is so docketed of every person against whom any such judgment shall be rendered, which he may have at the time of the docketing thereof in the county in which such real property is situated or which he shall acquire at any time thereafter, for ten years from the time of docketing the same in the county where it was so rendered . . . ." But since the bankruptcy act has the effect of discharging debts provable at the time of the filing of the petition, no lien on account of debts so discharged can attach on real property acquired subsequent to that time. The fact that the appellant's claim had been reduced to judgment could make no difference in such a case. Except as to form the judgment was no different from the promissory notes on which the suit wherein it was rendered was brought. Both notes and judgment merely evidenced the appellant's claim, and the claim was personal only. There is no logical reason why a lien should result on property acquired subsequent to the filing of a petition because of a judgment docketed more than four months prior to the date of the filing thereof where none would result if judgment

were entered and docketed on a similar claim subsequent to the time of the filing of the petition. And judgment may be taken on a provable claim after the filing of the petition and before final discharge. See Hamilton v. First State Bank, 57 N. D. 143, 220 N. W. 644, 12 Am. Bankr. Rep. (N. S.) 393, supra. If a lien should be held to result in the one case it should in both. Thus relief to the debtor from "the burden of his debts" would be postponed from the date of the filing of his petition to the date of his discharge. Considering then the objects sought to be attained by the bankruptcy act, its plain terms, and the construction placed upon it, the appellant's contention cannot be sustained.

Order affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.