(75 N. W. Rep. 811.)

---

### E. I. DONOVAN *vs.* ST. ANTHONY & DAKOTA ELEVATOR CO.

Opinion filed May 16th, 1898.

**Conversion—Sufficiency of Complaint.**

The averments contained in the complaint analyzed in the opinion. *Held*, that the complaint states facts sufficient to constitute a cause of action.

**Mortgage of Unplanted Crops.**

Under section 4680, Revised Codes, a valid mortgage may be made upon an

N. D. R.—33

unplanted crop, and will attach thereto as a lien as soon as the same comes into existence by the agency of the mortgagor. Following other cases cited in the opinion.

### Mortgagee May Maintain Conversion.

A mortgagee of chattels, having a present right of possession, may maintain an action against a wrongdoer for the conversion of the property embraced in the mortgage.

BARTHOLOMEW, J., dissenting.

Appeal from District Court, Cavalier County; *Sauter*, J.

Action by E. I. Donovan against the St. Anthony & Dakota Elevator Company to recover damages for the conversion of certain grain alleged to belong to plaintiff by virtue of a chattel mortgage. From an order overruling a demurrer to the complaint, defendant appeals.

Affirmed.

*Cochrane & Feetham*, for appellant.

· The complaint does not aver that at the time the mortgage was executed, the chattels mortgaged belonged to the mortgagor. 2 Cobby Chat. Morts. section 957. The mortgage alone is ·no evidence of title or possession. Jones on Chat. Morts. § 116; *Eams* v. *Snell*, 143 Mass. 166; *Gibbs* v. *Childs*, 143 Mass. 104; *Caffee* v. *Blaisdell*, 142 Mass. 541; *Warner* v. *Wilson*, 36 N. W. Rep. 719; *Everett* v. *Brown*, 20 N. W. Rep. 743. The pleading avers the execution of a chattel mortgage, but no other description or statement of the contract or terms or conditions of the mortgage is set out. This is not good pleading. *North* v. *Kizer*, 72 Ill. 172; *Joseph* v. *Holt*, 37 Cal. 253; *Stoddard* v. *Treadwell*, 26 Cal. 294; *Love* v. *Co.*, 32 Cal. 649; *Robinson & C. Co.* v. *Johnson*, 22 Pac. Rep. 459; *Lambert* v. *Haskill*, 22 Pac. Rep. 328; *White* v. *Soto*, 23 Pac. Rep. 210. The terms and conditions of the mortgage should be alleged. *Madison Nat. Bank* v. *Farmer*, 5 Dak. 285; 40 N. W. Rep. 345; *Bank* v. *Navarro*, 22 Fla. 474; 2 Cobby Ch. Mts. 957. The crops for 1896 could not have been sown in 1894, the alleged date of the mortgage. Unless plaintiff's mortgagor had possession or some right to the possession of this land he

could not mortgage future crops to be grown thereon because as to him the crops had no potential existence.  Sections 4704, 3511, Revised Codes; *Hutchinson* v. *Ford*, 15 Am. Rep. 712; *Wilson* v. *Seibert*, 8 Am. L. Reg. (N. S.) 608; *Low* v. *Pew*, 108 Mass. 350; *Van Hoozer* v. *Cary*, 34 Barb. 12; 2 Kents Com. 641, note a; 1 Cobby Ch. Mts. 384; *Padden* v. *Bellinger*, 6 So. Rep. 351; *Thrall* v. *Hill*, 110 Mass. 330; *Orcutt* v. *Moore*, 134 Mass. 48; *Otis* v. *Sill*, 8 Barb. 112; *Conderman* v. *Smith*, 41 Barb. 407; *Brunswick Collendar Co.* v. *Stevenson*, 4 N. Y. Supp. 123; *Farmers L. & T. Co.* v. *Long Beach Imp. Co.*, 27 Hun. 91; *Minnesota L. S. O. Co.* v. *McGinnis*, 32 Minn. 195; *Apperson* v. *Moore*, 30 Ark. 57; *Arques* v. *Wasson*, 51 Cal. 622; *Shaw* v. *Gilmore*, 17 At. Rep. 314; *Morrill* v. *Noyes*, 56 Me. 468; *Everman* v. *Robb*, 24 Am. Rep. 682; *Russell* v. *Stephens*, 12 So. Rep. 830; *McCown* v. *Mayer*, 5 So. Rep. 98; *Stadeker* v. *Loeb*, 6 So. Rep. 687; *Fonville* v. *Casey*, 4 Am. Dec. 559; *Wyatt* v. *Watkins*, 16 Alb. L. Jr. 205; *Kimball* v. *Scottley*, 55 Vt. 285; *Mayer* v. *Taylor*, 47 Am. Rep. 522; *Moore* v. *Byrum*, 30 Am. Rep. 58; *Mayer* v. *Taylor*, 44 Am. Rep. 523.  The theory upon which crops to be grown can be mortgaged is that they have a potential existence and that the mortgagor being in possession of the land upon which they are to be grown, that is, the agent of their production, he has a present vested right to have the crops when they come into actual existence.  *Miller* v. *McCormick & Co.*, 35 Minn. 400; *Wood Machine Co.* v. *M. & N. Elevator Co.*, 48 Minn. 404.  In former cases before this court the complaint contained an averment that the mortgagor was the owner and in possession of the land and grew a crop thereon. *Grand Forks Nat. Bank* v. *Elevator Co.*, 6 Dak. 357; *Hostetter* v. *Brooks Elevator Co.*, 4 N. D. 357.  The complaint avers no facts showing plaintiff is entitled to possession on default.  *Black* v. *M. & N. Elev. Co.*, 73 N. W. Rep. 90, 7 N. D. 129; *Madison Nat. Bank* v. *Farmer*, 5 Dak. 285, 40 N. W. Rep. 345; *First Nat. Bank* v. *North*, 2 N. D. 484.  There is no averment in the complaint that the chattel mortgage was ever filed, neither that it was executed in good faith without intent to

defraud creditors. Section 4733, Rev. Codes; *Phyle* v. *Warren*, 2 Neb. 252; *Marsh* v. *Burleigh*, 13 N. W. Rep. 279; *Severance* v. *Levitt*, 20 N. W. Rep. 273; *Marks* v. *Miller*, 28 Pac. Rep. 14; *McCulley* v. *Swackhamer*, 6 Oreg. 439; *Whittleshoeffer* v. *Strauss*, 3 So. Rep. 524.

*J. C. Monnet*, for respondent.

Right to possession of the property is sufficient to support the action, neither ownership nor prior possession is required. *Parker* v. *Bank*, 3 N. D. 87; *Sanford* v. *Elevator Co.*, 2 N. D. 6. The doctrine of potential existence is abrogated in this state. Section 4680, Revised Codes; *Grand Forks Nat. Bank* v. *Elevator Co.*, 6 Dak. 357; *Merchants Nat. Bank* v. *Mann*, 2 N. D. 456; *Hostetter* v. *Elevator Co.*, 4 N. D. 357. It is sufficient to plead the legal effect of the mortgage. *Brown* v. *Champlin*, 66 N. Y. 214; Stephens Pl. 391. As against demurrer, an allegation of an ultimate fact or conclusion is sufficient. *Curtis* v. *Livingston*, 31 N. W. Rep. 357; *McClane* v. *White*, 5 Minn. 178; *Wells* v. *Masterson*, 6 Minn. 566; *Buckholz* v. *Grant*, 15 Minn. 406; *Penney* v. *Fridley*, 9 Minn. 34; *Webb* v. *Bidwell*, 15 Minn. 479. The complaint in trover need not notify defendant of the nature of plaintiffs title, or what are the evidences of it. *Warren* v. *Dyer*, 51 N. W. Rep. 1062; *Harvey* v. *McAdams*, 32 Mich. 472; *Myers* v. *Yaple*, 60 Mich. 339; *Beebe* v. *Krapp*, 28 Mich. 53; *Hutchison* v. *Whitmore*, 90 Mich. 255. A general allegation that defendant wrongfully or unlawfully converted the property is sufficient. *Cortelyon* v. *Hiatt*, 54 N. W. Rep. 964; *Sanford* v. *Jensen*, 69 N. W. Rep. 108; *Smith* v. *Thompson*, 54 N. W. Rep. 168; *Humpfur* v. *Osborne & Co.*, 50 N. W. Rep. 88; *Swift* v. *James*, 7 N. W. Rep. 656; *First Nat. Bank* v. *Boom Co.*, 42 N. W. Rep. 861. The mortgage was effectual between the mortgagor and mortgagee, and if defendant would defeat the *prima facie* title of the mortgagee, it is incumbent upon him to show that he is a subsequent purchaser in good faith. *McNeil* v. *Finnigan*, 23 N. W. Rep. 540; *Sanford* v. *Jensen*, 69 N. W. Rep. 108; *Bank* v. *Farmington*, 15 N. W. Rep. 243;

*McCarthy* v. *Grace*, 23 Minn. 182; *Nolan* v. *Grant*, 53 Ia. 392; *Shotwell* v. *Harrison*, 22 Mich. 419; *Smith* v. *Acker*, 23 Wend. 679; *Bassett* v. *Nasworthy*, 2 Lead Cases, Eq. 99; *Baskins* v. *Shannon*, 3 N. Y. 311; *Wallwyn* v. *Lee*, 9 Ves. 32; *Black Hills Mer. Co.* v. *Gardner*, 58 N. W. Rep. 557. Want of notice is an essential element of good faith. *Tolbert* v. *Horton*, 18 N. W. Rep. 647. It devolves on defendant to show want of notice. *Ransom* v. *Schmeld*, 12 N. W. Rep. 926; *Wright* v. *Larson*, 53 N. W. Rep. 712; *Holdsworth* v. *Shannon*, 113 Mo. 508; *Weaver* v. *Borden*, 49 N. Y. 286.

WALLIN, J. In this action a general demurrer was interposed to the complaint, and the same was overruled by an order of the trial court. Defendant appeals from the order.

In the disposition of the case in this court the parts of the complaint necessary to be discussed are as follows: "That on or about the 16th of October, A. D. 1894, James Doyle and others made, executed, and delivered to the plaintiff a certain promissory note for $896, due October 16, 1895, with interest at 12 per cent., and made, executed, and delivered to secure the same a chattel mortgage, also to the said plaintiff, upon all grain and crops, of every name, nature, and description, to be grown or harvested during the seasons of 1895, 1896, and each and every succeeding year thereafter, until said debt should be fully paid, upon the southwest quarter of section 14, and the northeast quarter of section twenty-three, all in township one hundred and sixty, range sixty, (S. W. ¼ of Sec. 14, and N. E. ¼ of Sec. 23, all in Tp. 160, range 60,) in Cavalier County, North Dakota; that on or about October 16 and 17, 1896, default had been made in the terms and conditions of said mortgage, by failure to pay the debt, or any part thereof, which the same secured at its maturity, by reason whereof the said plaintiff, E. I. Donovan, was entitled, under the conditions of said mortgage, to the immediate, exclusive, and absolute possession of all wheat grown during the season of 1896 by said James Doyle upon the said S. W. ¼ of Sec. 14, and said N. E. ¼ of 23, all in Tp. 160, range 60, in

Cavalier County, North Dakota; that on or about the 16th and 17th of October 1896, and while the plaintiff was entitled to the possession of said grain, the full amount of said note for $896 being due and owing to the plaintiff, the defendant unlawfully appropriated and converted to its own use about 600 bushels of the said wheat grown by the said Doyle upon said premises during the year 1896, which wheat was of the actual value of 75 cents per bushel at that time; that the plaintiff has demanded and caused to be demanded from the said defendant the possession of the said grain, but that said demand has been wholly refused." These allegations of the complaint were followed by the usual claim for damages, and prayer for judgment. It is superfluous to state that the complaint is not a model of good pleàding. Its mode of setting out facts is inartificial, and often much involved; but it is the undoubted duty of all the courts of this state, under the provisions of the statute (section 5283, Revised Codes,) to construe all pleadings "liberally," with a view of substantial justice between the parties. So construed, we think the complaint states facts sufficient to constitute a cause of action.

Counsel for the appellant claims that the complaint contains no allegation that the mortgagor ever owned the property covered by the mortgage. This criticism, we think, is found upon a misapprehension of the meaning and effect of the language employed in the complaint. The property in queston, and embraced in the mortgage, is a certain crop grown by James Doyle, one of the mortgagors, in the year 1896, upon the land described in the mortgage. With respect to such crop the complaint avers that "the defendant unlawfully appropriated and converted to its own use about 600 bushels of said wheat grown by the said Doyle upon said premises during the year 1896." The statement of fact that the grain was "grown by said Doyle" is certainly broad enough to allow proof of the several acts done and performed by Doyle in growing the grain, such a planting, cutting, etc. We think that these words fairly import that the grain was produced by agencies set in motion by the mortgagor, and also

fairly imply that the mortgagor had possession of the land upon which the agencies operated in growing the crop in question. We are further of the opinion that these words, as ordinarily used, mean that the person who grew the crop was the owner thereof, and not a mere servant having no property interest in the crop. However, if the pleading is ambiguous, and this word "grown" is interchangeable, and may properly be applied either to an owner or a mere employe, this would be a defect in pleading which could be reached only by motion. A demurrer will not raise the point. Bliss, Code Pl. section 314.

The complaint is further criticised because—quoting from the brief of counsel—it "fails to aver that at the time the mortgage was executed the chattels mortgaged were the property of the mortgagor." If this objection to the complaint is valid, it follows that no mortgage of a crop not yet sown will operate to create a lien on a future crop, when the same comes into existence by the agency of the mortgagor. It is clear that a crop not planted when a mortgage thereon is executed is property not in existence at that time, and hence cannot then be the property of the mortgagor. It seems hardly necessary to say that in this state a wide departure has been made, by virtue of statutory provisions, from the common law rule that a mortgage cannot be made upon property which is not owned by the mortgagor, and which is not in *esse*, when the mortgage is executed. The exact opposite is the rule in North Dakota. Revised Codes, section 4680, reads as follows: "An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing to the extent of such interest." This statute incorporates a rule in equity, and is plain and unambiguous in its terms, and clearly gives its sanction to mortgages made upon property which never comes into existence until a date subsequent to the execution of the mortgage. The Supreme Court of the Territory of Dakota so construed the statute and upheld such

a mortgage. *Grand Forks Nat. Bank* v. *Minneapolis &·N. Elev. Co.*, 6 Dak. 357, 43 N. W. Rep. 807. And see *McCaffrey* v. *Woodin*, 65 N. Y. 459. This precise question has been considered by this court in at least two cases, and the views of the territorial court have been expressly indorsed by this court. *Bank* v. *Mann*, 2 N. D. 456, 51 N. W. Rep. 946; *Hostetter* v. *Elevator Co.*, 4 N. D. 357, 61 N. W. Rep. 49. The point must therefore be regarded as settled in this state adversely to the views of the appellant's counsel. At present this court is not disposed to reopen a discussion of the general law of the land relating to chattel mortgages. Nor do we deem the authorities cited by counsel from jursdictions where no such statute as that cited was ever enacted are in point upon this branch of the case.

A further contention is that the complaint fails to state, except by mere recital, which is bad pleading, that by the terms of the mortgage the plaintiff was authorized to take possession of the mortgaged property upon default made in paying the debt. The complaint is somewhat obscure in this respect, in view of the inartificial forms of expression adopted by the pleader. No copy of the instrument is annexed to the complaint, and the plaintiff has elected, as he had a right to do under established rules of pleading, to plead its legal effect. See *Brown* v. *Champlin*, 66 N. Y. 214. In attempting to set out the feature of the mortgage we are here considering according to its legal effect, the pleader, after setting out the fact of the mortgagor's default in paying the note secured by the mortgage, proceeds as follows: "By reason whereof the said plaintiff, E. I. Donovan, was entitled, under the conditions of said mortgage, to the immediate, exclusive, and absolute possession of all wheat grown during the season of 1896 upon the said," etc. (describing the land.) This averment, when liberally construed, is, in our opinion, neither a mere conclusion of law, nor the mere conclusion of the pleader, as to the effect of the stipulation written in the mortgage. We regard the language, while it is inapt, as an affirmation of a fact; *i. e.* as a statement of the true legal effect of the language used in the mortgage.

We think the words, "was entitled, under the conditions of said mortgage," are equivalent in meaning to the words, "was entitled, under the express stipulations contained in the mortgage," etc. Assuming that we are correct in this construction of the language, we shall hold that the complaint, in substance, charges that the mortgage, by its terms, authorized the plaintiff to take possession of the crop of 1896 raised by Doyle, in the event of a default of the payment of the debt secured by the mortgage, and that such default had occurred prior to the date of the alleged conversion of the grain by the defendant. It follows from these averments, as a legal result, that the plaintiff is in a position to sue for and recover such damages as he may have suffered by the unlawful appropriation of the wheat by the defendant as stated in the complaint. Such conversion of the mortgaged property as is charged would constitute an invasion of plaintiff's existing right of immediate possession of the grain for purposes of foreclosure. A right to the possession in the plaintiff is sufficient, and actual possession need not be shown. *Sandager* v. *Elevator Co.*, 2 N. D. 3, 48 N. W. Rep. 438; *Sanford* v. *Elevator Co.*, 2 N. D. 6, 48 N. W. Rep. 434; *Parker* v. *Bank*, 3 N. D. 87, 54 N. W. Rep. 313.

Counsel contends further that the complaint is vulnerable for the reason that it omits to allege that the mortgage was ever filed for record, or that the defendant had notice or knowledge of its existence at any time. In view of the averment that the defendant, as a matter of fact, unlawfully converted the grain and appropriated it to its own use, we think the omission is not fatal. These allegations charge a tortious act,—a distinctly wrongful and illegal act. The demurrer admits this charge to be true, and, if it is true, the plaintiff should recover in the action. Whether or not the charge is true is a question of fact, which can be investigated upon issue joined; and for this purpose defendant, on application therefor, should be permitted to serve an answer traversing the averments of the complaint. Upon such issue, if it is made, the trial court must determine which side has the burden of proof. No such question is now before this court.

The order overruling the demurrer will be affirmed.

CORLISS, J., concurs. BARTHOLOMEW, J., dissents, on the ground that in his judgment the complaint does not state facts sufficient to constitute a cause of action.