THOMPSON YARDS, Incorporated, Respondent, v. C. E. RICHARDSON, Appellant.

(199 N. W. 863.)

**Chattel mortgages — valid mortgage may be made on unplanted crop; mortgage will attach automatically as lien on such crop when it comes into existence.**

1. Under §§ 6706, 6707, Comp. Laws 1913, a valid mortgage may be made upon an unplanted crop, and such mortgage will attach automatically as a lien upon such crop as soon as the same comes into existence by the agency of the mortgagor. Following Donovan v. St. Anthony & D. Elevator Co. 7 N. D. 513, and other decisions.

**Chattel mortgages — lien of mortgage on unplanted crop exists in praesenti; is effective as between mortgagor and mortgagee from execution and delivery; is effective as to subsequent purchasers or incumbrancers without notice from date when filed.**

2. The lien of such mortgage exists *in praesenti*. As between the mortgagor and mortgagee it is effective from the execution and delivery of the mortgage; and as to subsequent purchasers or incumbrancers who acquire any interest in or liens upon the crop, without actual notice, the lien of the mortgage is effective from the date the mortgage was filed in the office of the register of deeds.

---

Note.— (1) Sale or mortgage of future or growing crops, see notes in 23 L.R.A. 449; 19 L.R.A. (N.S.) 910; L.R.A.1917C, pp. 8, 14; 5 R. C. L. 407; 1 R. C. L. Supp. 1390; 4 R. C. L. Supp. 327.

(3) Judgment lien not released by discharge, see 3 R. C. L. 320; 1 R. C. L. Supp. 808.

51 N. D.—16.

**Bankruptcy — liens other than those specially stricken not affected.**

3. A discharge in bankruptcy is personal to the bankrupt, and liens, others than those specially stricken down by the Bankruptcy Act, are not affected thereby.

**Bankruptcy — mortgage on unplanted crops held valid notwithstanding subsequent discharge of mortgage or in bankruptcy.**

4. Where the owner of a tract of land in the fall of 1921 executed and delivered a chattel mortgage upon the crops to be grown on said land in 1922, (the same being the next maturing crop in the course of natural events), and such owner in the spring of 1922 sows and, during that farming season, produces a crop on said land, such mortgage constitutes a valid lien upon the crop so produced and may be enforced as such notwithstanding that the mortgagor on February 7, 1922, was adjudged a bankrupt, and on June 8, 1922, granted a discharge in bankruptcy.

Opinion filed July 24, 1924.

Bankruptcy, 7 C. J. § 727 p. 410 n. 1; § 728 p. 411 n. 11.   Chattel Mortgages, 11 C. J. § 51 p. 443 n. 72; § 179 p. 506 n. 99 New.

From a judgment of the District Court of Emmons County, *Allen, J.,* defendant appeals.

Affirmed.

*Lynn & Lynn,* for appellant.

"The Bankruptcy Law does not continue a dischargeable debt for the purpose of permitting a lien to be created after the adjudication, but only to *preserve* and *enforce* a *lien* in *existence* at the *date* of the *adjudication.*" Citing, Re Harrington (D. C. N. Y.) 200 Fed. 1010, 29 Am. Bankr. Rep. 666.

The rule that in order to be protected by the provisions of the Bankruptcy Act, the lien must have attached to the property at the time of the adjudication, is not confined to crop mortgage, but applies to all contractual liens and equally as well to statutory liens and liens acquired thru legal proceedings. 7 C. J. p. 132, §§ 224, 225.

*Scott Cameron* and *Chas. Coventry,* for respondent.

"The language of ¶ 67 of the Bankruptcy Act of 1898 is too clear to admit of any dispute. It expressly provides that 'levies, judgments, attachments, or other liens,' obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null

and void in case he is adjudged a bankrupt." Gray v. Arnot, 31 N. D. 469.

"At common law the mortgage conveyed the title; and, as a mere expectancy or property not in esse could not be conveyed, it could not be mortgaged, and the mortgage of goods not then owned by the mortgagor was held not to cover such property, though subsequently acquired by him. This rule of the common law, which is still adhered to, became subject to many exceptions, and, on the theory of potential existence, the chattel mortgage became extended to a large class of cases in which the property had no actual or certain future existence—such as the wool to be grown from certain sheep, . . . and even, in some cases, the crops to be sown and harvested on certain described lands." 3 R. C. L. 298; Powers Drygoods Co. v. Nelson, 10 N. D. 580.

"Exempt property constitutes no part of the estate which passes to the trustee for the benefit of creditors." Re Kaeppler, 7 N. D. 435.

CHRISTIANSON, J. This is an action to foreclose a chattel mortgage upon a crop of grain grown in 1922 on certain lands in Emmons county. The trial court rendered judgment in favor of the plaintiff and the defendant has appealed. The material facts are undisputed and the sole question presented to this court is whether such undisputed facts warrant the judgment entered.

The facts are: In the fall of 1921 the defendant executed and delivered to the plaintiff a chattel mortgage upon a crop to be grown in the year 1922 on certain lands described in the mortgage. The land on which the crop mortgage was given belonged to the defendant but there was no crop planted until the spring of 1922. Prior to the planting of such crop, to wit, on February 7, 1922, the defendant filed his voluntary petition in bankruptcy. In such bankruptcy proceeding the land described in the chattel mortgage was listed as real property of the bankrupt; that plaintiff was listed as one of his creditors, and the note secured by the chattel mortgage in suit was scheduled as part of the liabilities of said bankrupt. At the first meeting of creditors held March 4, 1922, an order was duly entered to the effect that "it appearing that there are no assets belonging to said estate for distribution among the creditors, . . . it is hereby ordered that no trustee be appointed of the above entitled estate, etc." The defendant

was adjudged a bankrupt on February 7, 1922. On June 8, 1922, he was granted a discharge in bankruptcy. In the spring of 1922 to wit, on or about April 1, 1922, the defendant planted a crop on the premises described in the mortgage and in due course of time he harvested and threshed such crop. The plaintiff thereupon brought this action to foreclose its mortgage. The defendant answered admitting the execution and delivery of the note and chattel mortgage, set forth the proceedings had in the bankruptcy proceedings and alleged "that the crop grown upon the said premises were sown, planted and grown upon the said premises, wholly subsequent to his adjudication of being a bankrupt and is not part of this bankrupt estate, but is property acquired by him subsequent thereto and is free from all claims of the plaintiff and the premises described in the complaint and on which the said grain was grown, was the real estate of this defendant scheduled in said bankruptcy proceedings and was a part of this defendant's estate in bankruptcy." The trial court overruled the contentions of the defendant and held that the mortgage attached to the crop produced and decreed a foreclosure of plaintiff's mortgage. The defendant has appealed, and, in his brief, says: "The only question involved in this case, is as to whether the plaintiff can seize the crop in foreclosure of the mortgage, and sell the crop to satisfy the debt that was discharged in bankruptcy. The plaintiff and respondent, says yes, under the provisions of the Federal Bankruptcy Act; the defendant and appellant says no."

In our opinion the judgment must be affirmed. At the time the mortgage was made the mortgagor was the owner of the land. As such owner he then had a present vested right to the crops grown thereon whenever they should come into existence. Jones, Chat. Mortg. 5th ed. § 140. The mortgagor remained the owner of the land and raised a crop thereon during the year stipulated in the mortgage. In other words, the mortgagor brought into existence the crop which he had mortgaged. This was the crop next maturing, in the course of nature, after the execution and delivery of the mortgage, and under the express terms of our statute a valid chattel mortgage might be made on such crop before it was planted. Comp. Laws, 1913, § 6707; Donovan v. St. Anthony & D. Elevator Co. 7 N. D. 513, 66 Am. St. Rep. 674, 75 N. W. 809. See also Sykes v. Hannawalt, 5 N. D. 335, 340, 65 N. W. 684; 1 Cobbey, Chat. Mortg. §. 369, p. 487. And the filing of such

a chattel mortgage in the office of the register of deeds constitutes constructive notice of the existence of the mortgage lien, and gives to such lien priority, as of the date of such filing, as against subsequent purchasers or incumbrancers.     Hostetter v. Brooks Elevator Co. 4 N. D. 357, 61 N. W. 49.     The mortgagee is not required to perform any other or further act to make the lien of the mortgage effective.     He is not required to take possession of the crops, nor is he required to re-file the chattel mortgage, after the crop comes into existence.     Grand Forks Nat. Bank v. Minneapolis & N. Elevator Co. 6 Dak. 357, 43 N. W. 806.     In other words, so far as concerns the validity of the mortgage and its legal effect upon the property covered thereby it stands on par with a mortgage upon property in existence at the time the mortgage is executed.     As between the mortgagor and mortgagee a mortgage on an unplanted crop is valid without filing (Hostetter v. Brooks Elevator Co. supra) ; and as against third parties the filing of the mortgage renders the lien thereof prior to any lien or interest acquired by such parties subsequent to the date of such filing (Hostetter v. Brooks Elevator Co. supra) ; and the mortgagee may vindicate his rights under the mortgage by appropriate legal remedies, thus he may in case of unlawful detention or conversion of the grain maintain either an action to recover the possession of the same, or an action to recover damages for the conversion thereof.     See authorities collated in note to Bidgood v. Monarch Elevator Co. 9 N. D. at page 630.

It is, we think, clear that under the laws of this state a chattel mortgage upon an unplanted crop is not merely an agreement to mortgage such crop when it comes into existence; but such mortgage is a valid lien from the date of its execution and delivery, and automatically attaches to the crop when it comes into existence.     Such mortgage has priority over all subsequent purchasers or incumbrancers with notice, either actual or constructive.     In other words, the lien of such mortgage exists *in præsenti,* and, hence, notwithstanding the crop on which the lien exists does not in fact come into existence until after the adjudication, the discharge will not prevent the enforcement of the lien. 7 Remington, Bankr. § 3453.     See also Thompson v. Fairbanks, 196 U. S. 516, 49 L. ed. 577, 25 Sup. Ct. Rep. 306; Godwin v. Murchison Nat. Bank, 145 N. C. 320, 17 L.R.A.(N.S.) 935, 59 S. E. 154.

The discharge in bankruptcy is purely personal to the bankrupt.     It

does not annul the original debt or liability of the debtor. It merely suspends or destroys the right of action for the debt against the debtor personally. In other words, the discharge goes to the remedy, and not to the obligation. De Walt v. Heeren, 50 N. D. 804, 197 N. W. 868; John Leslie Paper Co. v. Wheeler, 23 N. D. 477, 42 L.R.A.(N.S.) 292, 137 N. W. 412; 7 Remington, Bankr. p. 454, § 3449; 1 Collier, Bankr. 13th ed. p. 598. It follows, therefore, that the only liens affected by a discharge in bankruptcy are those which the bankruptcy act declares invalidated by the bankruptcy proceeding. All other lawful liens remain unaffected; and, although the discharge is a release of the personal liability of the debtor, and when pleaded is a bar to a personal judgment upon the debt, it does not affect a lawful lien, or release property covered thereby, and judgment may be rendered enforcing such lien. 3 R. C. L. p. 320; 1 Collier, Bankr. 13th ed. p. 598; John Leslie Paper Co. v. Wheeler, 23 N. D. 477, 42 L.R.A.(N.S.) 292, 137 N. W. 412. See also Thompson v. Fairbanks, supra.

In this case no personal judgment was sought, and none was rendered. The judgment appealed from merely enforces the lien of the chattel mortgage against the property covered thereby.

Judgment affirmed.

BRONSON, Ch. J., and NUESSLE, BIRDZELL, and JOHNSON, JJ., concur.