This is an action to foreclose a chattel mortgage on *Page 263 
crops raised upon certain lands in Ward county in the year 1924. The defendant Lenton is the mortgagor, the defendant Ray a subsequent purchaser of the grain, who claims to hold it free of the mortgage lien, and the defendant Wilson is the holder of a seed lien. In the trial court the plaintiff had judgment decreeing foreclosure and adjudicating its lien to be valid and superior to the rights of the subsequent purchaser Ray but inferior to the seed lien. Lenton and Ray appeal from the judgment. The errors assigned and argued upon this appeal are predicated upon the holding of the trial court supporting the plaintiff's mortgage against the contention of the defendants that its lien was extinguished by the discharge in bankruptcy of the mortgagor before the maturity of the crop. The plaintiff's mortgage was executed by the defendant Lenton in the fall of 1923, and by its express terms it covered the 1924 crop. The mortgagor filed a petition in bankruptcy on April 9, 1924, was subsequently adjudicated a bankrupt and discharged on July 31, 1924.
The facts are and the trial court found that the property upon which the crop was raised was the defendant's homestead; that it had been set aside to him as such in the bankruptcy proceedings; that it appeared in the bankruptcy proceeding that there was no property belonging to the estate that was not incumbered in excess of its value; that there was no trustee elected and the property of the defendant remained in his possession; that on April 24, 1924, the defendant quitclaimed the land upon which the crop was raised to his wife, who two days later leased it to the defendant, mortgagor, for an agreed rental of $300. In the bankruptcy proceeding the debtor scheduled the claim of the plaintiff as a secured claim, describing it as secured by a crop mortgage and placing the value of the security at $3,000. It appears, however, that the plaintiff had chattel security in addition to the crop mortgage.
The question involved is a narrow one: Is the lien of the mortgage preserved after the discharge in bankruptcy? Bankruptcy Act, § 67d. It is conceded by the appellants that this question has been decided substantially against their contentions in the case of Thompson Yards v. Richardson, 51 N.D. 241, 199 N.W. 863, and we are asked to review the holding in that case. It is further argued, however, that the doctrine of that case is not necessarily conclusive against the position of the appellants in the case at bar owing to the fact that here the bankrupt conveyed to his wife the property upon which the crop was raised *Page 264 
and which had been set aside to him as a homestead and became a tenant upon a cash rental. It is said that these facts are sufficient to distinguish the case from Thompson Yards v. Richardson, supra. We have carefully reconsidered the principles upon which the Thompson Yards Case is founded and are convinced that the rule applied is in better accord with the policy of the legislation in this state than the contrary holding would be. Our statute recognizes as effective in the present crop mortgages on existing crops and upon crops next maturing. Comp. Laws 1913, § 6707. Under this statute a business practice has grown up which enables a debtor to secure credit by mortgaging his next annual crop, thereby obtaining the advantage, if advantage it be, of an added source of credit. This practice, obviously, would be affected by a holding that would treat crop mortgages differently from other mortgages in considering the effect of a bankruptcy discharge.
We are satisfied that, under the facts shown in the record, the mortgage was not defeated by reason of any transactions between the mortgagor and his wife. There was no substantial break in his possession, and he raised the crop in circumstances that resulted in the title being in him. It was subject to the lien of the mortgage.
Judgment affirmed.
CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.