BREMEN ELEVATOR COMPANY, a Corporation, Respondent, v.
    FARMERS & MERCHANTS BANK OF SHEYENNE, a Cor-
    poration, and Edward Nelson.   FARMERS & MERCHANTS
    BANK OF CHEYENNE, a Corporation, Appellant.

(216 N. W. 203.)

**Sales — action for breach of warranty of title — prior conversion action
defended by defendant with plaintiff.**

1. In an action for breach of warranty of title to grain sold by the defend-
ant to the plaintiff, where, subsequent to the sale, a conversion action had
been maintained against the plaintiff, the evidence is examined and held suf-
ficient to show that the defendant made common cause with the plaintiff in
the defense of the conversion action and was given ample opportunity to defend
such suit.

**Indemnity — issues determined between defendant and third party, held
res judicata.**

2. Where a formal party to an action and a third party, who is liable over
to such formal party, participate in the defense of the action, the issues therein
determined are res adjudicata in a subsequent suit between the defendant and
such third party.

**Sales — breach of warranty — plaintiff may recover.**

3. In an action for breach of warranty of title, where the buyer has sus-
tained loss through the assertion by a third party of a title superior to that
of his vendor, the damages are not limited to the price paid; the vendee may
recover the value of the chattels or his actual loss, including consequential
damages occasioned by his reasonable defense of an action based upon such
superior title.   (§ 6002a69 of the Supplement to the Compiled Laws of 1913.)

Opinion filed November 4, 1927.   Rehearing denied November 26, 1927.

Indemnity, 31 C. J. § 60 p. 460 n. 37.   Judgments, 34 C. J. § 1465 p. 1034 n.
49.
   Sales 35 Cyc. p. 464 n. 91; p. 479 n. 71; p. 480 n. 73.

Appeal from the District Court of Wells County, *Jansonius,* J.
Affirmed.
*Sinness, Duffy & Wheeler,* for appellant.
"Where chattels are sold with the express or implied warranty of
title and are taken from the vendee by a judgment in a suit against

him by a third person, of which action the vendor was duly notified and was requested to defend, the latter is conclusively bound by such judgment." 34 C. J. 1033.

The weight of authorities is in favor of the allowance of attorney's fees in cases where the covenantor is requested to defend suit when brought. St. A. & D. Elevator Co. v. Dawson, 20 N. D. 18, 126 N. W. 1013.

"The measure of damages for breach of warranty of title to goods sold is the purchase price, with interest thereon." Morgan v. Henry, 34 Colo. 25, 7 Ann. Cas. 945 and note.

*John O. Hanchett,* for respondent.

"The notice need not have been in writing or in any particular form of words." 34 C. J. 1034.

"Some authorities take the view that express notice is not necessary in order to bind the person ultimately liable if he knew that the suit was pending and could have defended, and it seems that where a person induces another to institute suit such instigation may take the place of notice of the suit and such party may be concluded by a judgment entered therein." 34 C. J. 1034.

"It has been held that it is unnecessary that the indemnitor should have notice in writing or even express notice. The notice may be implied from his knowledge of the pendency of the action or his participation in the defense." 22 Cyc. 106 note 76; Washington Gaslight. Co. v. District of Columbia, 161 U. S. 316, 40 L. ed. 712.

BIRDZELL, Ch. J. In 1923 one Nelson, as a tenant upon land known as the Wesslen farm in Wells county, raised certain crops which he delivered to an elevator at Bremen, owned by the plaintiff in this action. The cashier of the Farmers and Merchants Bank of Sheyenne later appeared at the elevator, stating that his bank and Edward Nelson owned the grain and that they desired to sell the same. There is evidence to show that they requested the plaintiff's agent to buy the grain, stating that, if he would do so and issue the checks to them, the bank he represented would stand back of the elevator company in case of subsequent difficulties arising out of the title. Relying upon these statements the plaintiff company issued checks payable to . the Merchants Bank of Sheyenne and Nelson, which were indorsed and cashed. The following

March the State Bank of Bremen served notice upon the plaintiff, the elevator company, of its claim to the grain under a chattel mortgage covering a half interest in the crop and thereafter the Bremen bank successfully maintained a conversion action against the plaintiff based upon the lien of its mortgage. (See State Bank v. St. Anthony & D. Elevator Co. 54 N. D. 264, 209 N. W. 351, in which similar issues were decided.) Thereafter the plaintiff herein paid the judgment in favor of the Bremen bank and brought this action against the Farmers & Merchants Bank of Sheyenne and Nelson to recover damages for alleged breach of warranty of title. The defendant Nelson defaulted. At the conclusion of the trial both parties moved for a directed verdict, whereupon the trial court submitted to the jury but one question, namely, whether the defendant bank had warranted to the plaintiff the title to the grain, submitting forms of verdict for recovery by the plaintiff of $597.63, in case they should find affirmatively on the issue submitted, and for the defendant, if they found otherwise. The jury found for the plaintiff and, from the judgment entered in pursuance of the verdict and of findings of fact and order for judgment of the trial court, the defendant appeals.

The appellant submits two questions for decision: first, whether or not the judgment rendered against the plaintiff in the action brought by the Bremen State Bank is binding upon the defendant herein; and, second, whether the damages recoverable are measured by the purchase price of the grain, with interest, or by the recovery in the conversion action previously maintained against the plaintiff herein.

Obviously, there is no attempt to enforce the Bremen bank judgment against the defendant; so, the first contention must be resolved to the query as to whether the issues involved must be relitigated as between the parties to this suit. The appellant argues that the plaintiff did not attempt to prove upon the trial that the Bremen bank had a valid chattel mortgage, nor to show how much was due upon such mortgage; nor to differentiate in the proof between the crop raised and upon land owned by Wesslen, the mortgagor, and land owned by Mrs. Wesslen; that the trial court erroneously took the view that the defendant bank was bound by the judgment in the conversion action, although it was not a party to the record in that action and was not properly noti-

fied as an indemnitor nor given a proper opportunity to defend and protect its rights.

The complaint is drawn upon the theory that the defendant warranted title to the plaintiff; that action based upon an adverse title had been successfully maintained against it; that the defendants had ample notice of the pendency of the action and were given ample opportunity to defend; that they, as well as the plaintiff, were bound by the determination of the issues in that action and that the judgment therein is res adjudicata so far as this action is concerned. The record in the conversion action shows that the plaintiff therein relied for its right upon the lien of the mortgage executed by Wesslen and, inasmuch as that suit was successfully maintained, it must be assumed that the validity of the mortgage was established and that the recovery was limited to the amount of the lien. It must, likewise, be assumed that recovery was not permitted for any grain which the plaintiff might have purchased from land belonging to Mrs. Wesslen and which was not covered by any chattel mortgage.

The issue here, then, narrows to the proposition as to whether the defendant bank was properly notified or was afforded an opportunity to protect its rights in the conversion action, so that, as between these parties, the issues there decided are determined as conclusively as though the defendant were a party. The evidence upon that subject is to the effect that when the trial of the conversion action was approaching, one Grinde, representative of the defendant bank, and his or the bank's attorney, Mr. Duffy, were present; that the evening before the trial the attorney for the elevator company, Mr. Layne, saw them in the courtroom and arranged to meet them at his office for a conference after supper; that they met according to appointment and conferred from a half hour to an hour concerning the defense in that particular case; that the attorney for the defendant in that case said to the attorney for the bank (defendant in this case) and Grinde: "You people [referring to this lease] got us into this trouble—this lawsuit, and we expect you to help get us out of it, or words to that effect. We figured this lease was the beginning of the whole trouble." The witness Layne did not desire to swear that Grinde had expressed the definite opinion that the lease would defeat the mortgage, but thought that this opinion was

56 N. Dak.—8.

shared by himself and Duffy, the attorney for the bank. The next day when the case came on for trial both Duffy and Grinde were present and, following the thought of the conference the evening before, the defendant's attorney requested Duffy to go ahead with the case. He said he thought Duffy was a better trial lawyer and he wanted him to step in and take the case—not to take the lead, but wanted him to go ahead and try the case. Duffy told the defendant's attorney to go ahead and try the case, and he sat back and the two conferred during the course of the trial. Grinde furnished for introduction in evidence the lease which was relied upon to defeat the plaintiff's mortgage. After the verdict was rendered the two attorneys conferred with reference to a motion for a new trial or appeal, and with that end in view Duffy prepared exceptions to the instructions of the court.

While there had been some communication between Grinde and the defendant's attorney prior to the beginning of the trial, resulting in some sort of an understanding that Grinde would attend the trial, there is no showing of the service of any formal notice upon the defendant herein that it would be expected to assume the burden of the defense, nor any evidence that it was notified in time to permit it to answer the complaint. We are of the opinion, however, that the evidence in this case is sufficient to show that the defendant in the conversion action (plaintiff here) and the defendant here made common cause in the defense of that action and that the interest of the defendant bank in that suit was prompted by its desire to vindicate its title to the grain, based upon the lease, and by the knowledge that it might be held upon a warranty of the title. This is a sufficient participation to bind it in favor of the party with whom it thus made common cause. Where an indemnitor "has been given an adequate opportunity to defend, including the right to avail himself of the appropriate methods of review," he is bound by the result though not a nominal party. 1 Freeman, Judgm. 5th ed. §§ 446 and 447. The authorities are not agreed as to the sort of notice requisite to bind the indemnitor nor in their definition of the degree of participation to be enjoyed by, or offered to, the indemnitor in order to make the judgment binding upon such party. 1 Freeman, Judgm. 5th ed. § 449; 34 C. J. 1034. We are of the opinion, however, that the evidence here tends to show knowledge of the pendency of the action for a sufficient length of time to have per-

mitted the indemnitor to participate fully in the defense and that immediately before the trial it was given an opportunity to assume complete control. This, in our opinion, satisfies all reasonable requirements of the rule with reference to an opportunity to defend. Whether or not such participation was sufficiently brought home to the adverse party in the conversion suit to make the judgment binding as between it and the defendant here, presents another question which we of course, do not determine.

The contention of the appellant that the measure of damages for breach of warranty of title is the purchase price, with interest, rather than the consequential damages sustained, such as the payment of the judgment, together with the reasonable expense incurred in the conversion action, is not strongly supported in the brief by either argument or authority. Authorities doubtless may be found expressing the rule in this manner. Such rule, however, is open to the vital criticism that it deprives the purchaser of the usual measure of damages for breach of contract, in that it may reasonably be supposed that the parties at the time of engaging in the warranty anticipated that a breach might entail the loss to the purchaser of the value of the bargain and expenses incurred, including a reasonable attorney's fee, in seeking to avoid a loss of the property. See 2 Williston, Sales, 2d ed. § 615a; Hendrickson v. Back, 74 Minn. 90, 76 N. W. 1019. "On principle," says Williston, "it would seem clear that the buyer's damage is the full value of the goods, irrespective of the price paid for them, and this rule finds considerable support." To limit recovery to the price paid is practically to recognize rescission as the only remedy for breach of warranty of title. The Uniform Sales Act provides otherwise. Section 6002a69 of the Supplement to the Compiled Laws of 1913. Section 7157 of the Compiled Laws of 1913, repealed by the Sales Act, likewise provided that the detriment caused by the breach of warranty of title to personal property was deemed to be the value to the buyer. See St. Anthony & D. Elevator Co. v. Dawson, 20 N. D. 18, 126 N. W. 1013, Ann. Cas. 1912B, 1337.

The judgment appealed from is affirmed.

NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.